36 C.C.P.A.(Patents)

## AUTOGROOM CO., Inc. v. BOYLE–MIDWAY, Inc.

### Patent Appeal No. 5574.

United States Court of Customs and Patent Appeals.

April 12, 1949.

Raymond J. Mawhinney, of Washington, D. C., for appellant.

Thomas L. Mead, Jr., of Washington, D. C. (Louis H. Baer, of New York City, of counsel), for appellee.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

JACKSON, Judge.

This is an appeal from a decision of the Commissioner of Patents, 74 U.S.P.Q. 213, affirming that of the examiner, in a trade-mark opposition proceeding, wherein appellant sought to register a trade-mark which consists of the depiction of a shield divided into two horizontal panels of contrasting colors. In the upper panel appears the word "Auto," while in the lower panel there appears the expression "Aero-Groom." The words "Auto" and "Aero" were disclaimed apart from the mark, and the goods to which the trade-mark is applied is a preparation for shining finished surfaces.

The appellee—owner of two registered marks, one "Autobrite," as applied to automobile polish, and "Aerowax," as applied to wax polish—filed its opposition to the granting of registration of appellant's mark.

It appears that the goods of the parties possess identical descriptive properties, and that the use by appellee of its marks is earlier than any date of which appellant may avail itself.

The notice of opposition relates to the confusion-in-trade clause of section 5 of the Trade-Mark Act of February 20, 1905, 33 Stat. 725, as a statutory ground for denying the right of registration claimed by appellant.

In the ex parte prosecution of its case, appellant was required to disclaim the terms "Auto" and "Aero," as being descriptive of the goods to which the mark was applied. The Examiner of Interferences in this proceeding stated that such requirement did not necessarily demand that the term should not be given substantial weight in comparing the marks in issue, citing National NuGrape Company v. Judge & Dolph, Ltd., 154 F.2d 521, 33 C.C.P.A., Patents, 1032, and J. Greenebaum Tanning Co. v. Respro, Inc., 94 F.2d 818, 25 C.C.P.A., Patents, 899.

The examiner held that appellee's mark, "Aerowax," was more pertinent to the issue than its mark, "Autobrite," and set out the dictionary definition of the expression "aero," which is common to both marks as "pertaining to or concerned with aeronautics or airplanes." The examiner thought, and properly so we think, that the literal meaning of the expression "aero" was scarcely sufficient to explain its selection in the marks of either party. In this connection he said as follows:

" * * * The products of both as described in the application and registration and as indicated in specimen labels of record are polishing materials of general utility. The directions for use printed on applicant's label refer only to furniture and painted surfaces. The opposer's label simi-

larly indicates that its 'Aerowax' polish is designed for general household purposes and the like. The relationship between the actual trade appeal of these goods and the dictionary meaning of 'aero' hence is deemed to be remote at best; and it consequently is believed that purchasers would rely to a considerable degree on this feature of the marks in identifying the goods as to source."

Holding that in his opinion the marks, "Aero-Groom" and "Aerowax," are so nearly alike as to be reasonably calculated to cause confusion in trade, the examiner sustained the notice of opposition.

In his decision, the Commissioner of Patents noted that the Examiner of Interferences did not consider the "Autobrite" mark of appellee, but he sustained the holding of the examiner.

The commissioner commented upon disclaimer by the appellant of the words "auto" and "aero," and in that connection stated that, if the expression "aero" is descriptive, the appellee's registration of "Aerowax" is invalid, and appellant's mark, therefore, is not registerable for the reason that the "groom" portion is just as descriptive as the "wax" portion in opposer's mark. The commissioner held that the expression "aero" is not descriptive or suggestive of the goods of either party. With that holding we agree. He was of the opinion that such expression is the dominant feature of both marks, for the reason that it is the only word occurring in either which could be properly considered as capable of trademark significance. He further stated that "the question is not free from doubt, and it is well established that doubts must be resolved in favor of the prior user."

Counsel for appellant correctly alleges in his brief that its mark is not merely "Aero-Groom." However, it seems to us that the mind of the purchasing public would not be concerned with the name of appellant's goods as "Auto and Aero-Groom." It is more reasonable to suppose that, in accordance with the usual shortened manner of speech in this country, the goods of the parties would be called for by purchasers as "Aero-Groom" and "Aerowax."

It does not seem to us to be material what may have been done by the Primary Examiner in the ex parte prosecution of appellant's application during which he required a disclaimer of the words "auto" and "aero."

The tribunals of the Patent Office and this court are not concerned with the disclaimer with respect to the word "auto," and we see no reason why appellant should be concerned in that respect for the reason that it appears to be the owner of a registered mark, "Autogroom."

Both of the expressions, "Aero-Groom" and "Aerowax," are marks composed of dictionary terms of the English language. We do not think it is of substantial moment that the "aero" expression in appellant's mark is hyphenated with the word "groom" and that no hyphen appears in the mark of appellee between "aero" and "wax." Those two terms, as applied to goods of the respective parties which possess the same descriptive properties, are in our opinion likely to cause confusion as to origin in the mind of the public.

We have considered with care all of the contentions made by counsel for appellant, but in view of what has been said, we deem it unnecessary to further prolong this opinion.

The decision of the commissioner is affirmed.

Affirmed.